## SPICER v. COON.

No. 15476—Opinion Filed June 9, 1925.

**Indians—Allotments—Trust Patent to Wyandotte—Death of Allottee During Trust Period—Determination of Heirship by Secretary of the Interior Final.**
Where, by virtue of the general allotment Act of February 8, 1887 (24 St. L. 388), 160 acres of land located in the state of Oklahoma was, in April, 1892, conveyed to a Wyandotte Indian under a trust patent from the United States of America, under which the land allotted was held in trust for the use and benefit of the allottee and in case of his death, of his heirs, for the period of 25 years, and where the allottee died in 1910, before the expiration of the trust period, without having disposed of his allotment by will, a determination by the Secretary of the Interior, on April 5, 1914, of the legal heirs of such allottee, as authorized by the Act of Congress of June 25, 1910 (36 St. L. 855), as amended by the Act of February 14, 1913 (37 St. L. 678), is final and conclusive and will not be reviewed by a state court after the expiration of the trust period, in an action at law by one claiming to be an heir of the allottee, for the recovery of said allotment.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Alex Spicer against Maggie Peacock Coon for the recovery of an interest in real estate. Judgment for defendant, and plaintiff appeals. Affirmed.

J. W. Bartholomew, for plaintiff in error.

R. B. Drake, for defendant in error.

Opinion by FOSTER, C. This is an appeal from a judgment of the district court of Ottawa county. The defendant in error, Maggie Peacock Coon, as defendant, obtained a judgment in said court on the 15th day of January, 1924, dismissing the petition of the plaintiff in error, who, as plaintiff in that court, had sought to recover the one-half undivided interest in the allotment of John Coon, a deceased Wyandotte Indian, and for partition of said land accordingly. Parties will be hereinafter referred to as they appeared in the trial court.

It was alleged by the plaintiff, in his petition, that the said John Coon had died intestate and without issue on the 12th day of January, 1910, leaving surviving his wife, Maggie Peacock Coon, the defendant, and his nephew, Alex Spicer, the plaintiff, and that under the laws of descent and distribution of the state of Oklahoma, which governed the devolution of said allotment, it passed in equal shares to the plaintiff and the defendant, and he prayed for the possession of the one-half undivided interest therein, for the partition thereof, and for rents and profits appropriated by the plaintiff in the sum of $1,000 for a number of years prior to the institution of the suit.

The defendant filed her answer in which she admitted that John Coon was a Wyandotte Indian enrolled opposite number 40, on the tribal rolls of the Wyandotte Indians; that he had died in Ottawa county on the 12th day of January, 1910, intestate and without issue; admitted her possession of the allotment of John Coon, and attached to her answer a copy of certain proceedings, finding, and judgment of the Secretary of the Interior of the United States, by virtue of which it was alleged that the Secretary of the Interior, on April 25, 1914, after a full hearing, had decreed the defendant to be the sole heir of John Coon and awarded all of said land to her, and prayed that the plaintiff take nothing by his action.

The plaintiff thereupon filed his motion for judgment upon the pleadings whereupon the defendant, in open court, joined the issue and asked judgment upon the pleadings in her favor against the plaintiff.

Upon the issues thus presented, the court refused to sustain the motion of the plaintiff, but sustained the motion of the defendant, and dismissed plaintiff's petition at his cost, to which action of the court the plaintiff excepted and brings the cause regularly on appeal to this court for review.

The action of the trial court in sustaining the motion of the defendant for judgment on the pleadings and in dismissing the plaintiff's petition has been assigned as error.

It is disclosed by the copy of the proceedings before the Secretary of the Interior, attached to defendant's answer as "Exhibit A" and admitted as true by plaintiff's motion for judgment, that the land involved in the case at bar was allotted to John Coon of the Wyandotte Tribe of Indians under the general allotment Act of February 8, 1887 (24 Statutes at Large 388), and conveyed to him by trust patent dated April 19, 1892.

It further appears from said exhibit that on the twenty-fifth day of April, 1914, the Secretary of the Interior made the following order (caption omitted):

"Estate of John Coon.

"The proceedings in the matter of the heirship to the estate of John Coon, deceased allottee No. 40 of the Wyandotte Tribe are hereby approved according to the Act of June 25, 1910, (36 Stat. L. 855), as amended by Act of February 14, 1913 (37 Stat. L. 678) and the Regulations of the Department, and I find and adjudge that at the date of the hearing held February 17, 1913, the heir to the estate of the decedent and her share was, as follows:

> "Maggie Peacock Coon. wife,
> "All.
> "(Signed) Lewis C. Laylin,
> "Asst. Secretary."

By the Act of February 8, 1887, the land in controversy was held by John Coon, prior to his death, under a trust patent or deed from the United States of America, under which the land allotted was held in trust for the use and benefit of the said John Coon, and in case of his death, of heirs for a period of 25 years.

By the Act of June 25, 1910, it was provided as follows:

"When any Indian to whom an allotment of land has been made, or may hereafter be made, dies before the expiration of the trust period and before the issuance of a fee-simple patent without having made a will disposing of said allotment as hereinafter provided, the Secretary of the Interior, upon notice and hearing under such rules as he may prescribe shall ascertain the legal heirs of such decedent and his decision thereon shall be final and conclusive. Article 4226, U. S. C. S. 1918."

The allottee, John Coon, having died before the expiration of the trust period without having disposed of his allotment by will, the title to the land was retained in trust for the heirs of the allottee by the United States until April 19, 1917, and the Secretary of the Interior, therefore, had the sole authority, on April 25, 1914, to settle all controversies involving the determination of the title, and incidentally to determine the heirship and the right to the possession of the land involved in the instant case. Caesar et al. v. Krow et al., 71 Okla. 236, 176 Pac. 927; McKay v. Kalyton, 204 U. S. 458; Davidson v. Roberson, 92 Okla. 161, 218 Pac. 878. In Caesar v. Krow, supra, our court said, quoting with approval from paragraph 276, page 303, of Bledsoe on Indian Land Law (2nd Ed.):

"By the Act of June 25, 1910, except as to allotted lands in Oklahoma, all jurisdiction of all courts to determine heirship where allotted lands were held in trust was divested, and full, complete, and exclusive jurisdiction vested in the Secretary of the Interior to determine such heirship.

"By the Act of February 14, 1913, amending section two of the Act of June 25, 1910, the jurisdiction of the Secretary of the Interior to determine heirship is extended to lands inherited from allottees of all Indian Tribes while the lands are held in trust or subject to restriction on alienation, except the Five Civilized Tribes and the Osages."

It will thus be seen that the provisions of the Act of June 25, 1910, as amended by the Act of February 14, 1913, were applicable to lands inherited from allottees of all Indian Tribes whether located in the state of Oklahoma or elsewhere, except the Five Civilized Tribes and the Osages, and these acts were therefore applicable to the allotted lands of a Wyandotte Indian, located in the state of Oklahoma. In McKay v. Kalyton, supra, the Supreme Court of the United States, speaking through Mr. Justice White, held as follows:

"The United States has retained such control over the allotments to Indians that, except as provided by acts of Congress, controversies involving the determination of title to, and right to possession of, Indian allotments, while the same are held in trust by the United States are not primarily cognizable by any court, state or federal."

In Bond v. U. S., 181 Fed. 613, it was held that the sole authority for settling all controversies, necessarily including the determination of the title and incidentally the right to the possession of Indian allotments, while the same were held in trust by the United States, resided in the Secretary of the Interior and were not cognizable by any court, either state or federal, except as such authority had been expressly conferred by act of Congress.

In view of the above authorities, we think it clear that the Secretary of the Interior was the sole tribunal for the determination of the legal heirs of John Coon, and that his determination was final and conclusive and is not now subject to review by the district court of Ottawa county, nor by this court on appeal in a proceeding of the nature here involved.

It appears from the record that the plaintiff was present at a hearing had before the superintendent of the Seneca school, Quapaw agency, on February 17, 1913, in connection with the proceeding for the determination of the heirship then pending before the Secretary of the Interior and testified in his own behalf.

Upon a survey of the entire record we are satisfied that the judgment of the trial court is correct, and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 525.